**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X
MATTHEW COLEMAN, individually, and on behalf of others similarly situated,

Case No.:

Plaintiff,

-against-

COLD SPRING HARBOR LABORATORY,

Defendant.
------------------------------------------------------------------ X

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Cold Spring Harbor Laboratory ("CSHL"), by its attorneys Herbert Smith Freehills Kramer (US) LLP, hereby removes the action entitled *Matthew Coleman, individually, and on behalf of others similarly situated, v. Cold Spring Harbor Laboratory*, Index No. 625737/2026, filed in New York State Supreme Court of the State of New York, County of Suffolk (the "State Action"). As required pursuant to 28 U.S.C. § 1446(a), Defendant states as follows:

1. On or about August 31, 2026, the Summons and Complaint in the above-captioned action were filed in the Supreme Court of the State of New York, County of Suffolk, under Index No. 625737/2026. True and correct copies of the Summons and Complaint and affidavit of service filed in the State Action are attached as Exhibit A and B. A copy of the docket in the State Action identifying each document filed in the State Action is attached as Exhibit C.

2. The Summons and Complaint in the State Action were served via personal service upon Defendant September 9, 2026.

3. Pursuant to 28 U.S.C. § 1446(b), removal is timely as this Notice is properly filed within thirty days of service and receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

4. Plaintiff filed the State Action in the Supreme Court of the State of New York, County of Suffolk. Pursuant to 28 U.S.C. § 1441(a), which provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," venue properly lies in the United States District Court for the Eastern District of New York. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

5. Plaintiff purports to bring this action as a collective action under the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), on behalf of himself and all current and former hourly-paid or non-exempt employees who worked for Defendant in the State of New York at any time during the period from three years prior to the filing of the Complaint to the date of final judgment in this action.

6. In his First Cause of Action, Plaintiff asserts a violation of the FLSA, 29 U.S.C. § 207, alleging that Defendant required Plaintiff and members of the proposed FLSA collective to work in excess of forty (40) hours per workweek without proper overtime compensation. Plaintiff and the members of the proposed FLSA collective are alleged not to qualify for exempt status under the FLSA.

7. In his Second Cause of Action, Plaintiff asserts a violation of the FLSA, 29 U.S.C. § 206, alleging that Defendant violated rights of Plaintiff and the members of the proposed FLSA collective to minimum wages by failing to compensate them for all hours worked and by failing to fully reimburse necessary business-related expenses. *See* 28 U.S.C. § 1331.

8. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under the FLSA.

9. Plaintiff's remaining state law causes of action – including claims for New York overtime wages (Third Cause of Action), New York non-overtime wages (Fourth Cause of Action), failure to timely pay wages (Fifth Cause of Action), failure to provide notice upon hiring (Sixth Cause of Action), and failure to provide accurate wage statements (Seventh Cause of Action) – are substantially related and fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. This Court thus has original federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and can exercise supplemental pendent jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367.

11. In filing this Notice of Removal, Defendant does not waive any defenses that may be available, including, without limitation, jurisdiction, and venue. Defendant does not admit any of the factual allegations in the Complaint, and Defendant expressly reserves the right to contest those allegations at the appropriate time.

12. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Cold Spring Harbor Laboratory respectfully requests that the action described in this Notice of Removal and now pending in the Supreme Court of the State of New York, County of Suffolk, be removed to the United States District Court for the Eastern District of New York and that this case proceed in this Court as an action properly removed thereto.

Dated: New York, New York
October 8, 2026

HERBERT SMITH FREEHILLS
KRAMER (US) LLP

By: /s/ *Robert N. Holtzman*______________
Robert N. Holtzman, Esq.

1177 Avenue of the Americas
New York, New York 10036
Email: robert.holtzman@hsfkramer.com

*Attorneys for Defendant*
*Cold Spring Harbor Laboratory*